IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| PURDUE PHARMA L.P., PURDUE PHARMACEUTICALS L.P., and RHODES TECHNOLOGIES, <br><br> Plaintiffs, <br><br> v. <br><br> ACCORD HEALTHCARE INC., <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) )    C.A. No. 20-1362 (RGA) (JLH) |

**STIPULATION AND [PROPOSED] ORDER REGARDING CLAIM CONSTRUCTION**

WHEREAS Plaintiffs Purdue Pharma L.P., Purdue Pharmaceuticals L.P., and Rhodes Technologies (collectively, "Purdue") filed suit against Defendant Accord Healthcare Inc. ("Accord") in the District of Delaware, C.A. No. 20-1362 (RGA), alleging infringement of U.S. Patent Nos. 9,763,933 ("the Mannion '933 patent"); 9,775,808 (the "'808 patent"); 9,763,886 (the "'886 patent"); 9,073,933 (the "'933 patent"); 9,522,919 (the "'919 patent") and 10,407,434 (the "'434 patent") (collectively, "the patents-in-suit")

WHEREAS the Court previously construed certain claim terms of U.S. Patent Nos. 8,808,741 (the "'741 patent"), 8,894,987 (the "'987 patent"), and 8,894,988 (the "'988 patent") directed to "at least one polyethylene oxide having, based on rheological measurements, a molecular weight of approximately 4,000,000" or a variation thereof; and certain claim terms of the '933 patent-in-suit directed to "removing 8a, 14-dihydroxy-7,8-dihydrocodeinone [8a] from an oxycodone base composition" ("15-1152 terms previously at issue") (C.A. No. 15-1152, D.I. 120);

WHEREAS the Court previously construed certain claim terms of U.S. Patent Nos. 9,492,392 (the "'392 patent") and 9,492,393 (the "'393 patent") directed to "at least one high molecular weight polyethylene oxide having, based on rheological measurements, an approximate

molecular weight selected from the group consisting of 4,000,000, 7,000,000, and a combination thereof" and "at least one low molecular weight polyethylene oxide having, based on rheological measurements, an approximate molecular weight of less than 1,000,000" or variations thereof ("17-210 terms previously at issue") (C.A. No. 17-210, D.I. 97);

WHEREAS the Court previously construed certain claim terms of U.S. Patent Nos. 9,492,389 ("the '389 patent"), and 9,492,391 ("the '391 patent") directed to "conditions for 'curing'"; and certain terms of the '933 and '919 patents-in-suit directed to "oxycodone hydrochloride" and "oxycodone HCl"; "at least 95%"; and "the ratio . . . is 0.04% or less as measured by HPLC" ("17-392 terms previously at issue) (C.A. No. 17-392, D.I. 130);

WHEREAS, in the interests of judicial economy, the parties wish to apply the Court's previous claim construction Orders (C.A. No. 15-1152, D.I. 120; C.A. No. 17-210, D.I. 97; C.A. No. 17-392, D.I. 130) to certain claim terms of the patents-in-suit;

WHEREAS the parties' proposed stipulation and agreement regarding certain terms of patents-in-suit avoids the need for claim construction briefing and a claim construction hearing in the above-captioned case;

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED, by and between all parties, through their respective undersigned counsel, subject to the approval of the Court:

1. In view of the Court's February 16, 2017 Memorandum Opinion (C.A. No. 15-1152, D.I. 120); the Court's May 21, 2018 Memorandum Opinion (C.A. No. 17-210, D.I. 97); and the Court's July 6, 2018 Memorandum Opinion (C.A. No. 17-392, D.I. 130) construing the 15-1152, 17-210, and 17-392 terms previously at issue, the following claim constructions shall be adopted with respect to the following terms presently at issue:


|   | **Claim Term** | **Asserted Claims** | **Construction** | **Prior Opinion** |
|---|---|---|---|---|
| 1. | at least one high molecular weight polyethylene oxide (PEO) having an approximate molecular weight of from 1 million to 15 million | '886 patent, claim 1; Mannion '933 patent, claim 1; '808 patent, claim 1 | one or a combination of polyethylene oxides having an overall weight average molecular weight of approximately 1 million to 15 million daltons | C.A. No. 15-1152, D.I. 120 at 6-7; C.A. No. 17-210, D.I. 97 at 4-5 |
| 2. | at least one low molecular weight PEO having an approximate molecular weight of less than 1,000,000 | Mannion '933 patent, claims 1 and 11; '808 patent, claims 1 and 11 | one or a combination of polyethylene oxides having an overall weight average molecular weight of less than approximately 1,000,000 daltons | C.A. No. 17-210, D.I. 97 at 8 |
| 3. | at least one high molecular weight polyethylene oxide (PEO) having an approximate molecular weight of from 1 million to 8 million | '886 patent, claim 11 Mannion '933 patent, claim 11; '808 patent, claim 11 | one or a combination of polyethylene oxides having an overall weight average molecular weight of approximately 1 million to 8 million daltons | C.A. No. 15-1152, D.I. 120 at 6-7; C.A. No. 17-210, D.I. 97 at 4-5 |
| 4. | conditions for "curing" | '886 patent, claims 1 and 11; Mannion '933 patent, claims 1 and 11; '808 patent, claims 1 and 11 | no construction necessary; plain and ordinary meaning; "without compression" means "without simultaneously shaping the tablet by compression" | C.A. 17-392, D.I. 130 at 11 |
| 5. | removing 8α, 14-dihydroxy-7,8-dihydrocodeinone [8α] from an oxycodone base composition | '933 patent, claim 10 | the amount of 8α, 14-dihydroxy-7,8-dihydrocodeinone [8α] present in an oxycodone base composition is reduced | C.A. No. 15-1152, D.I. 120 at 12-13 |

3

|    | **Claim Term** | **Asserted Claims** | **Construction** | **Prior Opinion** |
|----|----------------|---------------------|------------------|-------------------|
| 6. | oxycodone hydrochloride and oxycodone HCl | '933 patent, claims 1 and 10; '919 patent, claims 1, 12, and 18 '434 patent, claim 1 | hydrochloride salt of oxycodone | C.A. 17-392, D.I. 130 at 7 |
| 7. | at least 95% | '933 patent, claim 1 | 95% or more of the weight of the material | C.A. 17-392, D.I. 130 at 8 |
| 8. | the ratio . . . is 0.04% or less as measured by HPLC | '919 patent, claims 1, 12, and 18; '434 patent, claim 2 | 0.04% or less, as calculated using HPLC peak area | C.A. 17-392, D.I. 130 at 9 |

2.  In view of the Court's claim construction Orders (C.A. No. 15-1152, D.I. 120; C.A. No. 17-210, D.I. 97; C.A. 17-392, D.I. 130) and the terms addressed in this stipulation, the parties agree that there are no claim construction disputes at this time; the remaining claim construction deadlines set forth in paragraphs 13-15 of the Court's scheduling order (D.I. 23) are vacated; and the hearing on claim construction scheduled for 2:00pm on December 9, 2021 is cancelled and removed from the Court's calendar.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ *Megan E. Dellinger*

Jack B. Blumenfeld (#1014)
Rodger D. Smith II (#3778)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
jblumenfeld@morrisnichols.com
rsmith@morrisnichols.com
mdellinger@morrisnichols.com

*Attorneys for Plaintiffs*

GREENBERG TRAURIG LLP

/s/ *Benjamin J. Schladweiler*

Benjamin J. Schladweiler (#4601)
1007 North Orange Street, Suite 1200
Wilmington, DE  19801
(302) 661-7352
schladweilerb@gtlaw.com

*Attorneys for Defendant*

OF COUNSEL:

John J. Normile
Kelsey I. Nix
Gasper J. LaRosa
Sarah A. Geers
Kevin V. McCarthy
Adam M. Nicolais
JONES DAY
250 Vesey Street
New York, NY  10281
(212) 326-3777

Jason G. Winchester
JONES DAY
77 West Wacker Drive
Chicago, IL  60601
(312) 269-4373

Pablo D. Hendler
POTOMAC LAW GROUP
1177 Avenue of the Americas, 5th Floor
New York NY  10036
(914) 893-6883

August 31, 2021

OF COUNSEL:

Aaron F. Barkoff, Ph.D.
MCANDREWS, HELD & MALLOY, LTD.
500 West Madison Street, 34th Floor
Chicago, IL  60661
(312) 775-8096

 

SO ORDERED on this \_\_\_\_ day of _____ 2021.

_____
UNITED STATES DISTRICT JUDGE