**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE**

PURDUE PHARMA L.P.,
PURDUE PHARMACEUTICALS L.P.,
and RHODES TECHNOLOGIES,

          Plaintiffs,

      v.

ACCORD HEALTHCARE INC.,

          Defendant.

C.A. No. 20-1362-RGA-JLH

**PUBLIC VERSION**

<u>**JOINT [PROPOSED] PRETRIAL ORDER**</u>

## TABLE OF CONTENTS

I.      NATURE OF THE ACTION ..................................................................................4

II.     JURISDICTION AND CONTROLLING AUTHORITY ..................................................7

III.    FACTS ...........................................................................................................8

      A.     Uncontested Facts ................................................................................8

      B.     Contested Facts ....................................................................................8

IV.     ISSUES OF LAW ..............................................................................................8

V.      EXHIBITS .......................................................................................................9

      A.     Exhibits ..............................................................................................9

      B.     Demonstratives to be Used During Direct Examination of Witnesses .................12

VI.     WITNESSES TO BE CALLED ..............................................................................13

      A.     List of Witnesses Expected to be Called.................................................14

      B.     Testimony by Deposition .....................................................................15

      C.     Impeachment with Prior Inconsistent Testimony ......................................17

      D.     Objections to Expert Testimony ............................................................17

VII.    SCHEDULE FOR IDENTIFICATION OF WITNESSES, EXHIBITS, AND
      DEMONSTRATIVES AND ORDER OF PRESENTATION ...........................................17

VIII.   STATEMENT OF INTENDED PROOF......................................................................22

IX.     STATEMENT BY COUNTERCLAIMANTS OR CROSS-CLAIMANTS ...................................22

X.      TYPE OF TRIAL...............................................................................................23

XI.     LENGTH OF TRIAL...........................................................................................23

XII.    AMENDMENTS TO THE PLEADINGS ...................................................................23

XIII.   SETTLEMENT..................................................................................................23

XIV.    OTHER MATTERS (LR 16.3(c)(13))....................................................................24

      A.     Motions in Limine...............................................................................24

B.      Damages..................................................................................................24

C.      Protective Order and Corporate Representatives in the Courtroom .....................24

Plaintiffs Purdue Pharma L.P. ("Purdue Pharma") and Purdue Pharmaceuticals L.P. ("Purdue Pharmaceuticals") (collectively, "Purdue"), and Rhodes Technologies ("Rhodes") (Purdue and Rhodes, collectively, "Plaintiffs") and Defendant Accord Healthcare Inc. ("Defendant" or "Accord"), by their undersigned counsel, collectively submit this proposed Joint Proposed Pretrial Order pursuant to D. Del. L.R. 16.3. The parties attempted in good faith to reach consensus on the following issues. To the extent the parties had differing positions, each parties' respective proposal is explained for the Court's consideration. A Pretrial Conference in this matter is scheduled for August 25, 2022, at 9:00 AM. A **bench (non-jury)** trial has been scheduled to commence before the Honorable Richard G. Andrews on September 19, 2022 (at 8:30 AM), and end on September 21, 2022.

**Plaintiffs' Counsel:**

Plaintiffs are represented by John J. Normile (Jjnormile@jonesday.com), Gasper J. LaRosa (Gjlarosa@jonesday.com), Kevin V. McCarthy (Kmccarthy@jonesday.com), Adam M. Nicolais (Anicolais@jonesday.com), and Sarah A. Geers (Sgeers@jonesday.com) of Jones Day, 250 Vesey Street, New York, NY 10281, Jason G. Winchester (JWinchester@jonesday.com) of Jones Day, 110 N. Wacker Drive, Chicago, IL 60606; Pablo D. Hendler (Phendler@potomaclaw.com) and Eliza Hall (Ehall@potomaclaw.com) of Potomac Law Group, 1177 Avenue of the Americas, 5th Floor, New York, NY 10036, and Jack B. Blumenfeld (Jblumenfeld@morrisnichols.com), Rodger D. Smith II (Rsmith@morrisnichols.com), and Megan E. Dellinger (Mdellinger@morrisnichols.com) of Morris, Nichols, Arsht & Tunnell LLP, 1201 North Market Street, P.O. Box 1347, Wilmington, DE 19899.

**Defendant's Counsel:**

Defendant is represented by Aaron F. Barkoff (Abarkoff@mcandrews-ip.com), Alejandro Menchaca (Amenchaca@mcandrews-ip.com), Ben J. Mahon (Bmahon@mcandrews-ip.com), and Brad Loren (Bloren@mcandrews-ip.com) of McAndrews, Held & Malloy, Ltd. 500 West Madison Street, 34th Floor, Chicago, IL 60661, as well as Benjamin J. Schladweiler (Schladweilerb@gtlaw.com) and Samuel Lee Moultrie (Moultries@gtlaw.com) of Greenberg Traurig, LLP The Nemours Building, 1007 North Orange Street, Suite 1200, Wilmington, DE 19801.

## I.    NATURE OF THE ACTION

1.   This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, brought pursuant to the Hatch-Waxman Act and Declaratory Judgment Act. The action arises out of the filing by Defendant with the U.S. Food & Drug Administration ("FDA") of Abbreviated New Drug Application ("ANDA") No. 213564, pursuant to the Federal Food, Drug and Cosmetic Act ("FDCA"), seeking approval for generic versions of Plaintiffs' OxyContin® drug product pursuant to 21 U.S.C. § 355(j) prior to the expiration of the patents-in-suit: U.S. Patent Nos. 9,073,933 ("933 patent"), 9,522,919 ("919 patent"), 9,763,886 ("886 patent"), 9,763,933 ("Mannion 933 patent"), 9,775,808 ("808 patent"), 10,407,434 ("434 patent"). The 933, 919, Mannion 933, 808, and 434 patents have been listed in the FDA's publication *Approved Drug Products with Therapeutic Equivalence Evaluations* ("Orange Book") as covering Purdue's OxyContin®, which is the subject of approved NDA No. 022272. Although the 886 patent-in-suit is not listed in the Orange Book, it also covers OxyContin®[1]

---

[1] The 886 patent is not listed in the Orange Book because the claims are directed to methods of manufacture, including the manufacture of OxyContin®.

2.    The asserted patents fall within two patent families, the "Low 8α/ABUK Patents" (933, 919 and 434 patents) and the "Abuse-Deterrent Patents" (Mannion 933, 808 and 886 patents).

3.    OxyContin® is an extended-release pain medication containing oxycodone hydrochloride as its active pharmaceutical ingredient ("API").

4.    Plaintiff Purdue Pharma is the holder of New Drug Application ("NDA") No. 022272 for OxyContin® (oxycodone hydrochloride) tablets in 10 mg, 15 mg, 20 mg, 30 mg, 40 mg, 60 mg and 80 mg dosage strengths, and is an owner of the patents-in-suit.

5.    Plaintiff Purdue Pharmaceuticals is an owner of the patents-in-suit and is involved in the manufacture of OxyContin®

6.    Plaintiff Rhodes is an owner of the Low 8α/ABUK Patents (933, 919 and 434 patents).

7.    On or about August 24, 2020, Accord filed ANDA No. 213564 ("Accord's ANDA") with the FDA under 21 U.S.C. § 355(j) to obtain FDA approval for the commercial manufacture, use, import, offer for sale, and/or sale in the United States of oxycodone hydrochloride tablets in the 10 mg, 15 mg, 20 mg, 30 mg, 40 mg, 60 mg and 80 mg dosage strengths ("Accord's Generic Products" or "Accord's ANDA Products"), which are generic versions of Plaintiffs' OxyContin® (oxycodone hydrochloride) Tablets. Accord's ANDA, and all amendments, supplements, and related FDA submissions and correspondence to/from the FDA, are, collectively, referred to as "Accord's ANDA."

8.    Accord's ANDA included a certification pursuant to 21 U.S.C. § 355(j)(2)(A)(vii)(IV) ("Paragraph IV certification") alleging, *inter alia*, that the patents-in-suit listed in the Orange Book as covering OxyContin® were "invalid, unenforceable, and/or not infringed by the commercial manufacture, use or sale of" the drug products described in the Accord's ANDA.

9. In a letter dated August 25, 2020, which is described as being a "Notice of Paragraph IV Certification" (a "Paragraph IV notice letter"), Accord advised Plaintiffs of Accord's ANDA and Paragraph IV certification alleging, *inter alia*, that each of the patents-in-suit listed in the Orange Book was invalid, unenforceable, and/or not infringed.

10. On October 8, 2020, Plaintiffs filed a complaint in the instant action against Accord for patent infringement of the patents-in-suit. (D.I. 1.)    Plaintiffs commenced this action within the 45-day period after receiving the Paragraph IV notice letter, as described in 21 U.S.C. § 355(j)(5)(B)(iii).

11. Accord filed an Answer to Plaintiffs' Complaint on March 12, 2021, denying infringement of the asserted patents and alleging that the claims of those patents are invalid. Accord concurrently filed counterclaims seeking a declaration that its ANDA Products would not infringe any valid or enforceable claim of the asserted patents and that the asserted claims of those patents are invalid.[2]

12. Plaintiffs filed answers to Accord's counterclaims on April 2, 2021.

13. On December 22, 2021, Accord stipulated to infringement of one or more claims of each of the 933, 919, 886, Mannion 933, 808, and 434 patents and that the commercial sale, offer for sale, use, importation, and/or manufacture of Defendant's ANDA Products would infringe, induce infringement of, and/or contribute to the infringement of one or more claims of each of the 933, 919, 886, Mannion 933, 808, and 434 patents. Accord's stipulation of non-infringement applies to the asserted claims of the patents-in-suit.  Thus, the only issue left for trial is the validity of the claims of those patents.

---

[2] The due date for Accord's response to the complaint was March 12, 2021, pursuant to Accord's waiver of service (D.I. 7-8), and Accord's unopposed motions for an extension of time (D.I. 11-13), "SO ORDERED" by the Court on December 1, 2020, January 11, 2021, and February 10, 2021.

14. Plaintiffs have narrowed the asserted claims to be presented at trial to the following 11 claims:

- 933 patent claims 3 and 11;

- 919 patent claims 21 and 24;

- 434 patent claim 20;

- Mannion 933 patent claims 3 and 8;

- 808 patent claims 3 and 11; and

- 886 patent claims 6 and 12.

15. Accord has narrowed its defenses to the following: the Low 8α/ABUK Patents are invalid as obvious over Chiu, Lin and Ramanathan in view of the knowledge of a POSA (including Proksa and Weiss)[3] and the asserted claims of the Abuse-Deterrent Patents are invalid as obvious over the combination of McGinity and the knowledge of a POSA such as Bartholomaus, Shao, Billa and Omelczuk.[4]

## II.    JURISDICTION AND CONTROLLING AUTHORITY

16. This is an action for alleged patent infringement brought pursuant to the Hatch-Waxman Act, codified as amended at 21 U.S.C. § 355(j), and under 35 U.S.C. § 271(a)-(c), (e) and the Declaratory Judgment Act

17. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

18. The subject matter jurisdiction of the Court is not disputed. No party contests personal jurisdiction for purposes of this action.

---

[3] For Claim 24, Accord additionally relies on McGinity.
[4] Accord has also withdrawn its defenses and claims with respect to the patent claims that are no longer asserted.

19. No party contests venue for purposes of this action.

20. No party contests Plaintiffs' standing for purposes of this action, and the parties agree that no proof of standing need to be adduced at trial.

## III. FACTS

### A. Uncontested Facts

21. The parties' Joint Statement of Uncontested Facts is attached as Exhibit 1. These facts are not disputed or have been agreed to or stipulated by the parties. These facts do not require proof at trial, and are part of the evidentiary record in this case.

22. The parties agree that, to streamline witness examinations at trial, it would be beneficial to continue to meet and confer regarding additional joint uncontested facts.  To the extent the parties are able to reach agreement regarding any additional uncontested facts, such additional uncontested facts will be provided to the Court before trial commences.

### B. Contested Facts

23. Plaintiffs' Statement of Issues of Fact That Remain to Be Litigated is attached as Exhibit 2P.

24. Defendant's Proposed Findings of Fact is attached as Exhibit 2D.

## IV. ISSUES OF LAW

25. Plaintiffs' Statement of Issues of Law That Remain to Be Litigated is attached as Exhibit 3P.

26. Defendant's Statement of Issues of Law That Remain to Be Litigated is attached as Exhibit 3D.

## V.      EXHIBITS

### A.      Exhibits

27. The parties' joint exhibit list is attached as Exhibit 4J. Joint exhibits shall be identified with JTX numbers. Any party may use an exhibit on the Joint Exhibit List.

28. Plaintiffs' list of exhibits that they may offer at trial, except demonstrative exhibits and exhibits to be used solely for cross-examination, and Defendant's objections thereto, are attached as Exhibit 4P. Plaintiffs' trial exhibits will be identified with PTX numbers; Plaintiffs' demonstrative exhibits will be identified with PDX numbers.

29. Defendant's list of exhibits that it may offer at trial, except demonstrative exhibits and exhibits to be used solely for cross-examination, and Plaintiffs' objections thereto, are attached as Exhibit 4D. Defendant's trial exhibits will be identified with DTX numbers; Defendant's demonstrative exhibits will be identified with DDX numbers.

30. The parties will offer at trial one or more of the exhibits set forth in their respective exhibit lists. These lists include the exhibit numbers to be used at trial and a description sufficient to identify the exhibits, which is provided for convenience only and shall not be used as an admission or otherwise as evidence regarding the listed document or any other listed document. These exhibit lists may include exhibits that may not necessarily be offered or introduced into evidence.

31. The parties agree that joint exhibits, and exhibits on one party's list to which the other party has not provided an objection, will be automatically admitted if formally moved, provided a witness testifies about and identifies the exhibit on the record at trial, but without the need for fact-witness testimony to establish that the document is authentic or a record made and kept in the regular course of business.

32. Each party may use an exhibit that is listed on the other side's exhibit list, to the same effect as though it were listed on its own exhibit list, subject to evidentiary objections. Any exhibit, once admitted at trial, may be used equally by any party, subject to any limitations as to its admission into evidence and the Federal Rules of Evidence. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing party for the purpose that the opposing party wishes to admit the document.

33. The parties agree that either side may offer into evidence the opposing sides' discovery responses (subject to evidentiary objections) and do not need to list such documents on the exhibit list. Certified translations of exhibits listed on the exhibit list may be offered and received in evidence along with the original exhibit unless a genuine question has been raised as to the accuracy of the translation. The parties represent that their exhibits lists are believed to be complete and reflect their good faith efforts to encompass the exhibits they intend to introduce at trial. The parties, however, reserve the right to supplement these exhibit lists, with sufficient and reasonable notice to the other side, and subject to objections by the other side.

34. Absent agreement between the parties and/or order by the Court, no exhibit will be admitted unless offered into evidence through a witness, who must at least be shown the exhibit. At some point before the close of a phase of the case, any party that has used an exhibit with the witness and wishes that exhibit to be admitted into evidence must formally move the exhibit into evidence, by exhibit number. However, the patents-in-suit and file histories for the patents-in-suit may be received into evidence without presentation to a witness. Failure to raise an objection to an exhibit at trial shall be considered a waiver of said evidentiary objection.

35. Exhibits not objected to will be received into evidence by the operation of the Final Pretrial Order without the need for additional foundation testimony, provided they are shown to a witness in conformance with Paragraph 34 above.

36. The parties shall provide notice of the exhibits (other than exhibits used solely for cross-examination) they expect to use with a witness on direct examination pursuant to § VII below.

37. On or before the first day of trial, counsel will deliver to the Courtroom Deputy a completed AO Form 187 exhibit list for each party and the listed exhibits.

38. The listing of a document on a party's exhibit list is not an admission that such document is relevant or admissible when offered by the opposing side for the purpose that the opposing side wishes to admit the document. Each party reserves the right to object to the relevancy and admissibility of any evidence offered by the other party, at the time such evidence is offered, in view of the specific context in which such evidence is offered.

39. The parties agree that exhibits to be used solely for cross-examination need not be included on the list of trial exhibits or disclosed in advance of being used at trial. The parties reserve the right to object on evidentiary or discovery grounds to any such exhibit if used at trial.

40. Legible copies of documents may be offered and received into evidence to the same extent as an original unless a genuine question is raised as to the authenticity of the original, or in the circumstances it would be unfair to admit the copy in lieu of the original. Legible copies of United States and foreign patents, and the contents of associated file histories, may be offered and received into evidence in lieu of certified copies thereof, subject to all other objections that might be made to admissibility of certified copies.

41. The parties shall make available for inspection any physical exhibits to be used at trial, labeled with the exhibit number. Access to the opposing side's physical exhibits shall be at such time and place and under such circumstances as are reasonable and mutually agreed to.

42. Except for such exhibits to be used solely for cross-examination, a party may not introduce at trial any exhibit not appearing on its list or on any other party's list absent good cause shown and unless the Court determines that the interests of justice so warrant.

43. The parties' exhibit lists identify the basis for the other party's objection, if any, to each listed exhibit, with citations to the Federal Rules of Evidence or other appropriate basis.  Any objections not included by a party on the other party's exhibit list are waived by that party and cannot be raised at trial.

44. The parties agree that the following categories of documents shall be deemed prima facie authentic:

      a.      All responses to Interrogatories and Requests for Admission and all documents cited therein; and

      b.      All exhibits to and documents cited in expert reports.

**B.      Demonstratives to be Used During Direct Examination of Witnesses**

45. The demonstratives the parties intend to use at trial do not need to be described on their respective lists of trial exhibits.

46. For each direct examination, a party shall provide demonstrative exhibits (in color, and on $8.5 \times 11$ inch paper or larger, or in electronic pdf form, with the exception of animations, for which a download link must be provided) with an indication of the witness(es) with whom the subject demonstrative exhibit may be used to opposing counsel. Parties shall serve demonstratives to be used with each witness with their list of exhibits to be used pursuant to § VII below.

47. Each demonstrative exhibit shall clearly indicate on its face, if practicable, all information sources (including, if available, all trial exhibit numbers) that form the basis of the demonstrative exhibit.  If not practical on the face of the demonstrative exhibit itself, then an identification of the sources shall accompany the demonstrative exhibit.

48. This provision does not apply to highlighting, ballooning, arrowing, call-outs, etc. of exhibits or testimony, which are not required to be provided to the other side in advance of their use.

## VI.    WITNESSES TO BE CALLED

49. The parties agree that fact witnesses will be sequestered, including for opening statements. The parties agree that expert witnesses need not be sequestered.

50. The parties shall provide notice of the witnesses they expect to call, including the order in which the party intends to call the witness, pursuant to § VII below.

51. For the convenience of witnesses, the parties, and to streamline presentation for the Court, fact witnesses will testify only once—barring a showing of good cause—and therefore cross-examination of all fact witnesses may exceed the scope of direct examination so long as the evidence would be otherwise able to be presented in a party's case in chief. The parties agree that this provision applies to witnesses who testify live and by deposition designation.

52. The listing of a witness on a party's witness list does not require that party to call that witness to testify, either in person or by deposition.

53. An offering party may discuss with a witness his or her testimony while on direct examination, including during adjournments in the trial, including breaks during the trial day and overnight.  An offering party may not discuss with a witness his or her testimony while the witness is on cross-examination, including during adjournments in the trial, including breaks during the

trial day and overnight.  Once cross-examination of the witness is concluded and the witness is passed for re-direct examination, the offering party may discuss with the witness his or her testimony on re-direct examination.

54. The parties will exchange final witness lists at least 72 hours before trial is scheduled to begin (i.e., by 9:30 AM, Friday, September 16, 2022).

55. If a party decides to play less than all of the designated testimony for a witness at trial, or to include less than all of its counter-designations, the opposing party may use such dropped testimony as counter-designations or counter-counter-designations to the extent the usage of such testimony in such manner is otherwise consistent with Fed. R. Evid. 106, Fed. R. Civ. P. 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure.  Similarly, if a party decides to play less than all of the designated testimony for a witness at trial, a party may present its counter-designation testimony in response to other specified affirmative testimony by the opposing party, or re-designate its counter-designated testimony affirmatively, or designate testimony identified as affirmative testimony in this order as a counter-designation or counter-counter designation to the extent the usage of such testimony in such manner is otherwise consistent with Fed. R. Evid. 106, Fed. R. Civ. P. 32, and any other applicable Federal Rule of Evidence or Rule of Civil Procedure.

## A.    List of Witnesses Expected to be Called

56. Plaintiffs' List of Witnesses Who May be Called Live or by Deposition is attached as Exhibit 5P. Defendant's Objections to Plaintiffs' List of Witnesses is attached as Exhibit 5P.1.

57. Defendant's List of Witnesses Who May be Called Live or by Deposition is attached as Exhibit 5D. Plaintiffs' Objections to Defendant's List of Witnesses is attached as Exhibit 5D.1.

58. Any witness not listed in the above exhibits will be precluded from testifying, absent good cause shown. Such good cause shall include, but is not limited to, testimony required to authenticate any documents subject to an authenticity objection.

**B.      Testimony by Deposition**

59. The deposition testimony that Plaintiffs may offer into evidence is identified in Exhibit 6P.

60. The deposition testimony that Defendant may offer into evidence is identified in Exhibit 6D.

61. This pretrial order contains the maximum universe of deposition designations, which shall not be supplemented without approval of all parties or leave of the Court, on good cause shown. Deposition testimony relied upon by experts, however, need not be designated in advance.

62. The party offering deposition testimony (other than for the purpose of impeachment) shall identify the deposition testimony to be offered from previously exchanged depositions pursuant to § VII below.

63. To the extent that deposition designations are admitted into evidence, they must either be played by video or read in open court.  The party originally designating the deposition testimony shall be responsible for making any video for that witness, including any designations or counter-designations by the other party. If a party opts to introduce deposition testimony, any counter-designation of that same witness's testimony will be played or read consecutively in the sequence in which the testimony was originally given at deposition.

64. All irrelevant material, including colloquy between counsel, requests to have the court reporter read back a question, and objections, may be eliminated when the deposition is played at

trial. By 9 p.m. the night before the video is to be played, the party offering the witness will provide a copy of the video and/or transcript containing both parties' designations.

65. When the witness is called to testify by deposition at trial, the party calling the witness shall provide the Court with two copies of the transcript of the designations and counter designations that will be played. Each side shall be charged only with the time needed to play its own designations or counter-designations, such allocations to be provided to the Court's deputy at the time the deposition testimony is played.

66. No deposition testimony may be presented for any witness testifying live, except for purposes of impeachment.

67. Copies of exhibits referred to during the introduction of deposition testimony may be offered into the trial evidence record to the extent admissible in accordance with the procedures of paragraph 30.

68. If applicable, a party's designation of a page and line from a particular transcript shall be automatically deemed to include any errata indicated for that page and line in the attached errata sheets, unless otherwise indicated.  Prior to the introduction of deposition designations, counsel for the introducing party may provide a short introduction to the Court about the identity of the witness and subject matter of the deposition testimony, which introductions the parties agree are not evidence and the time for which will be charged against that party.

69. The above procedures regarding deposition designations do not apply to portions of deposition transcripts and/or video used for impeachment or cross-examination of a witness.  Any deposition testimony may be used at trial for the purpose of impeachment, regardless of whether a party specifically identified that testimony on its list of deposition designations, if the testimony is otherwise competent for such purpose.

70. Plaintiffs and Defendant each reserve the right to offer deposition testimony designated by the other side (whether as a designation or a counter-designation), even if not separately listed on their own respective deposition designation lists, subject to evidentiary objections.

71. Any deposition testimony to be used at trial may be used whether or not the transcripts of such deposition have been signed and filed.

72. To the extent a party does not call a witness on their list of witnesses who will be called to testify live, the opposing party reserves the right to submit deposition testimony in accordance with § VI.B. above from that witness at trial, so long as such deposition testimony has been designated by the opposing party.

73. The listing of a deposition designation does not constitute an admission as to the admissibility of the testimony nor is it a waiver of any applicable objections.  However, any objections not included by a party on the other party's witness or deposition designation lists are waived by that party and cannot be raised at trial.

### C.     Impeachment with Prior Inconsistent Testimony

74. The parties request that objections be permitted to the use of deposition and other prior testimony for impeachment purposes, including objections based on lack of completeness and/or lack of inconsistency.

### D.     Objections to Expert Testimony

75. The parties request that the Court address at trial any objections to expert testimony as beyond the scope of expert disclosures.

## VII.   ORDER OF PRESENTATION AND SCHEDULE FOR IDENTIFICATION OF WITNESSES, EXHIBITS, AND DEMONSTRATIVES

**Plaintiffs' Proposal**:

76. The order of presentation at trial shall be as follows:

a.      Accord's Opening Statement;

b.      Plaintiffs' Opening Statement;

c.      Accord's Case-in-chief on invalidity, including any objective evidence that Accord alleges supports invalidity;

d.      Plaintiffs' Rebuttal case on validity, including objective evidence that Plaintiffs allege supports validity; and

e.      Accord's Rebuttal case on Plaintiffs' objective evidence of nonobviousness.

Accord's experts that testify in its case-in-chief may testify in rebuttal, but limited to responding to Plaintiffs' objective evidence of nonobviousness.

77. Unless otherwise agreed by the parties, the parties shall disclose, by 2:00 PM EDT on the calendar day before direct examination will take place (e.g., by 2:00 PM on Sunday for witnesses to be called on Monday), by electronic mail and/or electronic media (for large exhibits and any videos or animations to be offered) the following:

a.      A list of the witnesses that the party will call to testify live or by deposition on that day, in the order that they will be called;

b.      A list of the deposition designations for a witness that is to be called by deposition on that day,

c.      A list of any exhibits, including any physical exhibits, that the party intends to use during the direct examination of each witness by witness and exhibit number;

d.      A copy of any demonstratives (in color if in color, and with animations, if applicable) that the party intends to use during the direct examination of each witness, including any witness called in rebuttal of the other party's witnesses, by witness; and

18

      e.      A good-faith estimate of when the party intends to conclude its examinations.

78. By 7:00 pm the day before the witness will be offered by videotaped deposition, the offering party will provide to all parties the transcript clip and a copy of the video containing the designations from all parties for that witness.

79. The other party shall identify any objections to admissibility of the exhibits, demonstratives and deposition designations, as well as counter-designations, sought to be used with the witness by 7:00 PM EDT of the day of disclosure (e.g., by 7:00 PM on Sunday evening for witnesses to be called on Monday).

80. The parties shall meet and confer by 8:00 PM EDT the day such objections are received in an effort to resolve any objections.  Any objections that cannot be resolved may be raised with the Court at the Court's convenience.

81. For rebuttal deposition testimony where compliance with the one-day deadline in the preceding paragraph is impracticable, such deadline shall not apply, and the parties will act in good faith to designate rebuttal testimony in time to allow for counter-designations, and any objections, and the parties will meet and confer to resolve the objections and to give the introducing party time to prepare any necessary video/DVD of the testimony.

**<u>Accord's Proposal</u>:**

82. The presentation of cases will proceed in the following order:

      a.      Accord's Opening Statement

      b.      Plaintiffs' Opening Statement

      c.      Accord's Case-in-chief

      d.      Plaintiffs' Case-in-chief, including objective evidence

        e.      Accord's Rebuttal Case.

Accord's experts may testify in one or both stages of its case, but its Rebuttal Case shall be limited to the issues raised in Plaintiffs' Case-in-chief.

83. Unless otherwise agreed by the parties, Accord shall disclose, by 5:00 PM EDT on Thursday, September 15, by electronic mail and/or electronic media (for large exhibits and any videos or animations to be offered) the following in regards to its Case-in-Chief:

        a.      A list of the witnesses that Accord will call to testify live or by deposition, in the order that they will be called;

        b.      A list of the deposition designations for a witness that is to be called by deposition,

        c.      A list of any exhibits, including any physical exhibits, that the party intends to use during the direct examination of each witness by witness and exhibit number;

        d.      A copy of any demonstratives (in color if in color, and with animations, if applicable) that Accord intends to use during the direct examination of each witness.

84. Plaintiffs shall provide any objections by 10:00 PM EDT, and the parties shall meet and confer at 12:00 PM EDT on Friday September 16 to discuss any objections.

85. Unless otherwise agreed by the parties, Plaintiffs shall provide the same for their Case-in-chief by 5:00 PM EDT on Friday September 16. Accord shall provide any objections by 10:00 PM EDT, and the parties shall meet and confer at 12:00 PM EDT on Saturday September 16 to discuss any objections.

86. Unless otherwise agreed by the parties, Accord shall provide the same for its Rebuttal case by 5:00 PM EDT on Saturday, September 17. Plaintiffs shall provide any objections by 10:00

PM EDT, and the parties shall meet and confer at 12:00 PM EDT on Sunday September 18 to discuss any objections.

**The Parties Agree:**

87. Unless otherwise agreed by the parties, the parties shall exchange by electronic mail and/or electronic media (e.g., for large exhibits and any videos or animations to be offered) lists of any exhibits, including any physical exhibits, and copies of any demonstrative exhibits (in color if in color, and with animations, if applicable) they intend to use in their respective opening statements by 3:00 PM EDT two days before they are to be used (i.e., by Saturday, September 17, 2022). For irregularly sized physical demonstrative exhibits, the party seeking to use the demonstrative exhibit will provide a color representation as a PDF of 8.5 x 11 inch copies of the demonstrative exhibit and make the original available for inspection by the opposing party. The parties shall exchange any objections to opening statement demonstratives by 3:00 PM EDT the day following receipt of the demonstratives (i.e., by Sunday, September 18, 2022). The parties shall meet and confer by 6:00 PM EDT the day such objections are received (i.e., Sunday, September 18, 2022) in an effort to resolve any objections.

88. The requirement that demonstratives used for opening statements be disclosed does not apply to the enlargement or highlighting of a portion of a potential trial exhibit during the opening statement that was otherwise properly disclosed or to demonstrative exhibits that will be created live in the courtroom.

89. The advance notification provisions for demonstrative exhibits do not apply to demonstrative exhibits to be used for cross-examination, which do not need to be provided to the other side in advance of their use.

90. The advance notification provisions for exhibits do not apply to exhibits to be used during cross-examination.

91. The party originally designating the deposition testimony shall be responsible for making the video for that witness, including any designations or counter-designations by the other party. All irrelevant material, including colloquy between counsel, requests to have the court reporter read back a question, and objections, may be eliminated when the deposition is played at trial. By 9 p.m. the night before the video is to be played, the party offering the witness will provide a copy of the video and/or transcript containing both parties' designations.

## VIII.   STATEMENT OF INTENDED PROOF

92. Plaintiffs' Brief Statement of Intended Proofs is attached as Exhibit 7P.

93. Defendant's Brief Statement of Intended Proofs is attached as Exhibit 7D.

## IX.   STATEMENT BY COUNTERCLAIMANTS OR CROSS-CLAIMANTS

94.  Defendant originally asserted counterclaims of non-infringement and invalidity with respect to the patents-in-suit.  As discussed above, Defendant has since stipulated to infringement of the asserted claims of the patents-in-suit.  As a result, Defendant withdrew its non-infringement defenses and counterclaims (D.I. 48 ("SO ORDERED" on December 29, 2021) (striking Defendant's non-infringement defenses and dismissing with prejudice its non-infringement counterclaims).)

95. As also discussed above, Plaintiffs have narrowed the asserted claims to be presented at trial.  Defendant has withdrawn its defenses and counterclaims with respect to those asserted claims that will not be presented at trial.

96. There are no crossclaims in this case.

## X.     TYPE OF TRIAL

97. This is a bench (non-jury) trial.

## XI.    LENGTH OF TRIAL

98. A bench trial is set to begin on September 19, 2022, at 8:30 a.m. and end on September 21, 2022.  The trial will be timed. The parties propose that each trial day include 7 hours of trial time, for a total of 21 hours of trial time, or 10.5 hours per party, but the parties look to the Court for guidance on this matter.  Unless otherwise ordered, time will be charged to a party for its own presentations or examinations, including a party's opening statement, direct and redirect examinations of witnesses it calls (including by designation), cross examination of witnesses called by any other party (including by designation), or otherwise speaking or arguing on behalf of a party.  Subject to the Court's preference, the parties do not anticipate presenting closing arguments at the close of the evidence. The allocation of time does not include any time required for closing argument and the parties request additional time should the Court request closing arguments at the close of the evidence.

## XII.   AMENDMENTS TO THE PLEADINGS

99. The parties do not seek to amend the pleadings.

## XIII.  SETTLEMENT

100.    The parties hereby certify that they have engaged and are continuing to engage in a good faith effort to explore the resolution of the controversy by settlement. Thus far the parties have been unable to reach a settlement; however, the parties remain open to further continuing such discussions.

## XIV.   OTHER MATTERS (LR 16.3(c)(13))

### A.   Motions in Limine

101.   Plaintiffs' in limine motion, along with Defendant's opposition thereto and Plaintiffs' reply, are attached as **Exhibit(s) 8P**.

102.   Defendant's in limine motion, along with Plaintiffs' opposition thereto and Defendant's reply, are attached as **Exhibit(s) 8D.**

### B.   Damages

103.   The parties do not intend to seek damages at this time, except all parties reserve the right to seek attorneys' fees, costs, and expenses pursuant to 35 U.S.C. § 285.  Plaintiffs reserve the right to seek damages if the Accused Products are manufactured, used, sold, offered for sale, or imported prior to the expiration date of any of the patents-in-suit.

### C.   Protective Order and Corporate Representatives in the Courtroom

104.   The Court has entered a Stipulated Protective Order to protect "information, whether oral or in documentary or other tangible form, so designated by any Producing Party that it reasonably and in good faith believes is of the type protectable under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure or is required to be kept confidential by law or by agreement with a third party or otherwise" and "information … which the Producing Party reasonably believes to be so competitively sensitive that it is entitled to extraordinary protections."  (D.I. 32 at ¶ 2(a).)

105.   The presentation of evidence at trial will take place in open court, unless a party or Producing Party requests and the Court grants the request to close the courtroom during presentation of certain portions of the evidence.

106.   The parties shall disclose the proposed use of any information designated Highly Confidential by any nonparty Producing Party to that Producing Party by 9:00 AM EDT two calendar days before the proposed use in the courtroom.  The nonparty Producing Party shall make

any request to close the courtroom during presentation of such information within 24 hours of such disclosures.  If no such request is timely made, the presentation of such information will take place in open court.

107.    The parties have agreed that the individuals designated as a Qualified Person under the Protective Order, or other person agreed to by the parties, may attend any closed portion of the trial.

| | |
|---|---|
| */s/ Megan E. Dellinger* | */s/ Benjamin J. Schladweiler* |
| Jack B. Blumenfeld (#1014) | Benjamin J. Schladweiler (#4601) |
| Rodger D. Smith II (#3778) | Renée Mosley Delcollo (#6442) |
| Megan E. Dellinger (#5739) | Greenberg Traurig, LLP |
| Morris, Nichols, Arsht & Tunnell LLP | The Nemours Building |
| 1201 North Market Street | 1007 North Orange Street, Suite 1200 |
| P.O. Box 1347 | Wilmington, DE 19801 |
| Wilmington, DE 19899 | (302) 661-7000 |
| (302) 658-9200 | schladweilerb@gtlaw.com |
| jblumenfeld@morrisnichols.com | renee.delcollo@gtlaw.com |
| rsmith@morrisnichols.com | |
| mdellinger@morrisnichols.com | *Counsel for Defendant* |
| | |
| *Counsel for Plaintiffs* | |

**IT IS HEREBY ORDERED** that this Final Pretrial Order shall control the subsequent course of the action, unless modified by the Court to prevent manifest injustice.


DATED: _____


_____
UNITED STATES DISTRICT JUDGE